IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| ROGER DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CIV-14-594-C |
| OKLAHOMA DEPARTMENT OF CORRECTIONS AND ROBERT PATTON, as Director, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action in the District Court of Oklahoma County, State of Oklahoma, arguing that certain provisions of Oklahoma's Sex Offender Registration Act ("SORA") violate the Oklahoma Constitution. Defendants removed the action asserting that Plaintiff's assertion that SORA violated the ex post facto clause of the United States Constitution was sufficient to grant this Court jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff now seeks remand, arguing his claim is premised on violation of the Oklahoma Constitution and the inclusion of a claim based on the federal Constitution was a mere mention insufficient to create jurisdiction.

Defendants rely on paragraph 25 of Plaintiff's state court Petition: "Forcing the Plaintiff to be subjected to Oklahoma's Sex Offender Registration Statute for life is a violation of his rights to be free from ex post facto punishment guaranteed by both the United States Constitution and the Oklahoma Constitution." Dkt. No. 1, Exh. 2, ¶ 25.

When ruling on issues of removal or subject matter jurisdiction, this Court is "guided generally by the 'well-pleaded complaint' rule, under which a suit arises under federal law 'only when the plaintiff's statement of his own cause of action shows that it is based' on federal law." Schmeling v. NORDAM, 97 F.3d 1336, 1339 (10th Cir. 1996) (quoting Louisville & Nashville R.R. v. Mottley, 211 U.S. 149, 152 (1908)). To be considered, along with this rule, is the general presumption that the federal courts are courts of limited jurisdiction. See, e.g., Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc., 693 F.3d 1195, 1201 (10th Cir. 2012). In accordance with these principles, the Court must closely examine matters before it and ensure itself that it has the power to consider the issues raised. Applying this scrutiny, the Court finds Plaintiff has pleaded a claim arising under federal law. The paragraph in question clearly asserts a violation of the United States Constitution.

Consequently, this matter arises under federal law and Defendants' removal was proper. Therefore, Plaintiff's Motion to Remand to State Court (Dkt. No. 5) is DENIED.

IT IS SO ORDERED this 18th day of July, 2014.

ROBIN J. CAUTHRON
United States District Judge